UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH R. CALDWELL, SR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-0571 (ESH) |
| ELENA KAGAN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Keith R. Caldwell, Sr., who is proceeding *pro se*, has filed a complaint against the former Solicitor General of the United States, Elena Kagan, the United States Attorney General, Eric Holder, three judges of the United States Court of Appeals for the D.C. Circuit, Douglas Howard Ginsburg, Thomas Beall Griffith and Janice Rogers Brown, and a judge of the United States District Court for the District of Columbia, Henry H. Kennedy, Jr. seeking $50,000,000.00 in damages. The claims against each defendant arise out of his or her role in plaintiff's unsuccessful lawsuit against the United States Tax Court, *Caldwell v. United States Tax Court*, Civil Action No. 08-01427 (D.D.C. Oct. 27, 2008), *aff'd*, No. 09-5166 (D.C. Cir. Jan. 9, 2010), *cert. denied*, No. 09-9137 (U.S. May 3, 2010) (the "Tax Court case").[1] Although mindful that documents filed by pro se litigants are held to less stringent standards than those

---

[1] Although plaintiff's complaint does not identify either the legal basis for his suit or the relief he seeks, the cover sheet he filled out and submitted to the Court when he filed his complaint includes a demand for $50,000,000.00 and cites the following legal authorities: "42 U.S.C. [§] 1981, 42 U.S.C. [§] 1983, 5th Amendment Constitution of the U.S. Violation of my right to due process of law. Violation of my civil rights." (Civil Cover Sheet [dkt. #1].)

applied to formal pleadings drafted by lawyers, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), for the reasons stated herein, plaintiff's complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

I.  **LEGAL STANDARD**

"If the [district] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Such a dismissal may occur "sua sponte prior to service on the defendants . . . when . . . it is evident that the court lacks subject matter jurisdiction." *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010); *see Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008) ("It was proper for the district court to analyze its own jurisdiction sua sponte and dismiss the case for lack of jurisdiction.")

A district court lacks subject matter jurisdiction when the complaint "'is 'patently insubstantial,' presenting no federal question suitable for decision.'" *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 300 (D.C. Cir. 1994)); *see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous."); *Peters v. Obama*, Misc. No. 10-0298 (D.D.C. June 21, 2010); *Watson v. United States*, Civ. Act. No. 09-268, 2009 WL 377136, at *1 (D.D.C. Feb.13, 2009) (court may dismiss a case sua sponte where the allegations are so patently frivolous that the court lacks the power to entertain the suit). A district court also lacks subject matter jurisdiction if plaintiff cannot establish Article III standing. *See Weaver's Cove Energy, LLC v. Rhode Island Dep't of Environmental*

2

*Management*, 524 F.3d 1330 (D.C. Cir. 2008); *Lee's Summit, MO. v. Surface Transp. Bd.*, 231 F.3d 39, 41 (D.C. Cir. 2000) ("When there is doubt about a party's constitutional standing, the court must resolve the doubt, sua sponte if need be.").

## II.    CLAIMS AGAINST FEDERAL JUDGES

Plaintiff's Tax Court case was assigned to United States District Judge Henry H. Kennedy, who granted the defendants' motion to dismiss. *Order*, Tax Court Case (Apr. 16, 2009). Judges Ginsburg, Griffith and Brown made up the Court of Appeals panel that affirmed Judge Kennedy's dismissal. *Caldwell v. United States Tax Court*, No. 09-5166 (D.C. Cir. Jan. 9, 2010) (Ginsburg, Brown, Griffith). According to plaintif's complaint, he is suing the district judge on the ground that he "dismissed [the Tax Court case] based on technicalities that were unsubstantiated," and "ignored the part of the case record that specifically refuted the technicalities presented to the district court." (Compl. at 4.) He is suing the Court of Appeals judges on the ground that "the judgment that was rendered by the Court of Appeals panel was unsupported, unsubstantiated, and beyond the legal scope of that panel" because "[t]he absence of qualified medical authority on the panel rendered the medical inference in the judgment, incompetent and inept." (Compl. at 3.)

Plaintiff's claims against the district and court of appeals judges are patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts. *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Plaintiff asserts that he is challenging each defendant's "non-judicial acts," but it is clear from the allegations in the complaint that the only actions he is complaining about are judicial decisions and the judicial

decisionmaking process. As absolute immunity clearly protects the district court judge and the court of appeals judges from this lawsuit, all claims against those defendants must be dismissed.[2]

## III. CLAIMS AGAINST THE SOLICITOR GENERAL AND THE ATTORNEY GENERAL

When plaintiff filed a petition for a writ of certiorari in the United States Supreme Court, Petition for Certiorari, *Caldwell v. Unites States Tax Court*, No. 09-9137 (U.S. Jan. 25, 2010), Elena Kagan, as the Solicitor General of the United States, waived defendant's right to file a response to plaintiff's petition. Plaintiff claims that Solicitor General's waiver "facilitated the Supreme Court's decision to deny my petition for a Writ of Certiorari,"[3] and that the denial of the petition "denied my constitutional right to due process in that case." (Compl. at 2.) As for the Attorney General, Eric Holder, plaintiff claims that he "failed to provide proper oversight and to monitor the U.S. Government's response to the Supreme Court case." (Compl. at 3.)

Plaintiff's claims against the former Solicitor General and the Attorney General must be dismissed because plaintiff cannot establish Article III standing. The "irreducible constitutional minimum of standing contains three elements": (1) plaintiff must have suffered an "injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b)

---

[2]Read liberally, the complaint also seeks the removal from the bench of each of the Court of Appeals judges. (Compl. at 3 (stating that each judge "must be removed from the bench"). However, a federal district court has no power to review the decisions of another federal court, much less to remove another federal judge from office. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *In re Marin*, 956 F.2d 339, 340 (D.C. Cir.1992); *Griffin v. Higgins*, Civil Action No. 99-1576, 1999 WL 1029177, at *1 (D.D.C. June 18, 1999); *Jackson v. Camilletti*, Civil Action No. 09-1110, 2009 WL 1708802, at *1 (D.D.C. June 17, 2009).

[3]The complaint does not actually specify what action of the Solicitor General plaintiff is challenging, but the decision not to file a response to plaintiff's petition for a writ of certiorari is the only involvement defendant Kagan had in plaintiff's Tax Court case.

actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted). Here, plaintiff's injury – the denial of his petition for certiorari – is not "fairly . . . traceable" to the Solicitor General's decision to waive its right to file a response to plaintiff's petition for certiorari or to the Attorney General's "oversight" of the matter. The Supreme Court, not the Solicitor General, denied the petition for certiorari. Nor is there any reason to assume that if the Solicitor General had filed a response it would have supported plaintiff; to the contrary, as the opposing and prevailing party, it is almost certain that any response filed by the Solicitor General would have opposed plaintiff's petition. Absent any causal connection between his injury and the Solicitor General's or Attorney General's actions, plaintiff's claims against them must be dismissed for lack of standing.

## CONCLUSION

Accordingly and for the reasons stated above, the Court will dismiss this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued separately.

<pre>
                                          /s/
                                ELLEN SEGAL HUVELLE
                                United States District Judge
</pre>

DATE: April 18, 2011